1
2
3
4                    UNITED STATES DISTRICT COURT
5                   EASTERN DISTRICT OF CALIFORNIA
6   _____
    MICHELLE RIVAS AND THOMAS KASCHAK,      1:08-CV-00942 OWW SMS
7   *et al.*,
                                            MEMORANDUM DECISION RE:
8                        Plaintiffs,        DEFENDANTS' MOTION TO
                                            DISMISS.
9              v.
10  CALIFORNIA FRANCHISE TAX BOARD, et
    al.,
11
                         Defendants.
12  _____
13
                         I.   INTRODUCTION
14
15        This case arises out of a February 23, 2006 search of
16  Plaintiffs' Michelle Rivas' ("Rivas") and Thomas Kaschak's
17  ("Kaschak") residence, conducted by California Franchise tax
18  Board ("FTB") agents on February 23, 2006, and Kaschak's January
19  9, 2007 arrest on charges of tax evasion.  Plaintiffs allege that
20  Defendants FTB, John Chiang, the California State Controller and
21  Chairman of the FTB, and Slue Railsback, a FTB Senior Special
22  Agent, are liable for damages under 42 U.S.C. § 1983 for
23  violating Plaintiffs' constitutional rights and under state law
24  for causing them emotional distress.  (Doc. 1, Compl., filed July
    2, 2008.)
25
26        Defendants move to dismiss the allegations, arguing: (1) the
27  two-year statute of limitations for claims brought under section
28  1983 has passed; (2) Plaintiffs' first cause of action alleging

                                1

1   that Defendants violated their Fourteenth Amendment rights by
2   misrepresenting evidence to prosecutors resulting in Kaschak's
3   wrongful arrest and prosecution does not state a claim upon which
4   relief may be granted; (3) Eleventh Amendment immunity bars
5   Plaintiffs' claims against Defendants Chiang and Railsback in
6   their official capacities; (4) Plaintiffs' claims against Chiang
7   in his individual capacity are not cognizable; and (5)
8   Plaintiffs' state law claims must be dismissed because Plaintiffs
9   failed to comply with California's tort claim presentation
10  procedure.  (Doc. 13-2 at 2, filed Sept. 8, 2008).)
11  Alternatively, Defendants maintain that any claims that survive
12  the motion to dismiss should be stayed pending resolution of the
13  pending criminal proceedings against Kaschak.  (*Id.* at 3.)

14      Plaintiffs oppose dismissal, arguing: (1) the discovery
15  rule requires tolling of the section 1983 statute of limitations;
16  (2) the first cause of action alleges sufficient facts to sustain
17  a claim for pretrial deprivation of liberty; (3) the Complaint
18  properly alleges a 1983 claim against Chiang in his individual
19  capacity; and (4) non-compliance with California's tort claim
20  presentation procedure does not require dismissal.  (Doc. 17 at
21  2-3, filed Nov. 6, 2008.)

22

23                      II.  **BACKGROUND**

24      Plaintiffs allege that on February 23, 2006, in the early
25  morning hours, approximately 20 FTB agents "stormed" Plaintiffs'
26  residence at 2400 Van Pelt, in Modesto, California, pursuant to a
27  search warrant that was "obtained under false pretenses," based
28  in part on false allegations that Kaschak evaded his tax

                                2

1    obligations to the State of California.   (Compl. ¶¶ 8-9.)

2         During the course of the search, the Complaint alleges that

3    Plaintiffs were "held for several hours, denied use of their

4    telephone or contact with any attorney or counsel, denied use of

5    the washroom, and denied basic food and water."   (*Id*. at ¶10.)

6         Prior to the search, Kaschak, who is an orthopedic trauma

7    surgeon, had been on call in the emergency room for eight

8    consecutive days, with little or no sleep.   (*Id*. at ¶11.)   He

9    allegedly informed the FTB agents that he was sleep deprived.

10   (*Id*. at ¶12.)   The Complaint allege that, despite Kaschak's state

11   of sleep deprivation, FTB agents "interrogat[ed]" Kaschak and

12   Rivas for over two hours.   (*Id*.)   Allegedly, Kaschak requested

13   permission to contact an attorney, but FTB agents denied this

14   request.   (*Id*.)   FTB agents did not inform Plaintiffs of the

15   subject or nature of their search, nor of the accusations against

16   them, despite Plaintiffs' "repeated requests for such

17   information."   (*Id*. at ¶13.)

18        On January 9, 2007, Kaschak was arrested by FTB agents and

19   charged with multiple felony counts of tax evasion for alleged

20   failure to file state income tax returns for the years 2000-2004.

21   (*Id*. at ¶14.)   At the time of his arrest, Kaschak allegedly

22   inquired as to the charges against him, but the arresting agents

23   claimed to have no knowledge of the charges.   (*Id*. at ¶15.)

24        Kaschak later learned that FTB had issued a press release

25   earlier that day, detailing the charges against him.   (*Id*.)   The

26   bail request filed by FTB also outlined the charges.   (*Id*.)   Bail

27   was set at $250,000.   (*Id*. at ¶16.)

28        Kaschak's arrest concluded a four and a half year

                                  **3**

1    investigation by the FTB.  (*Id*. at ¶17.)  Plaintiffs allege that

2    at no point during that investigation, until service of the

3    search warrant on February 23, 2006, were Plaintiffs notified of

4    the nature of the investigation, nor of any tax liability for the

5    years in question.  (*Id*.)

6        Prior to his arrest, Kaschak attempted to satisfy his tax

7    liability with the FTB.  (*Id*. at ¶19.)  Railsback allegedly

8    responded to Kaschak's inquiry in a May 3, 2006 letter, stating

9    that she had never solicited any tax payments from Kaschak and

10   had no intention of doing so.  (*Id*.)  Plaintiffs assert that this

11   violates FTB procedures, which provide that "it is the

12   responsibility of []FTB representatives to...[m]ake every

13   reasonable attempt to resolve the collection issues with the

14   designated representative."  (*Id*. at ¶19.)

15       Plaintiffs allege that the investigation report prepared by

16   Railsback, which led to the arrest of Kaschak, contains "lies,

17   material omissions, and/or misleading statements."  (*Id*. at ¶18.)

18       Plaintiffs' First Cause of Action, for "Denial of Due

19   Process Under 42 U.S.C. § 1983," alleges Defendants conspired to

20   (a) deny Plaintiffs their right to counsel during the

21   "interrogation," (b) write false complaints, (c) misinform

22   prosecutors of the bases for charges against Kaschak, (d)

23   institute criminal proceedings against him without lawful bases,

24   and (e) prosecute him without required notices and/or statements

25   of tax deficiency.  (*Id*. ¶¶ 23-32.)  The Second Cause of Action

26   alleges that FTB agents used excessive force when they (a)

27   searched Plaintiffs' residence on February 23, 2006, and (b)

28   affected Kaschak's arrest on January 9, 2007.  (*Id*. at ¶¶ 33-41.)

                                 **4**

1 | The Complaint also contains state law causes of action for
2 | Negligent (Third Cause of Action) and Intentional (Fourth Cause
3 | of Action) Infliction of Emotional Distress, as well as a
4 | Conspiracy claim (Fifth Cause of Action).

5 |

6 | ### III.   STANDARD OF DECISION

7 |         Federal Rule of Civil Procedure 12(b)(6) provides that a
8 | motion to dismiss may be made if the plaintiff fails "to state a
9 | claim upon which relief can be granted."  In deciding whether to
10 | grant a motion to dismiss, the court "accept[s] all factual
11 | allegations of the complaint as true and draw[s] all reasonable
12 | inferences" in the light most favorable to the nonmoving party.
13 | *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also*
14 | *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).
15 | "To avoid a Rule(b)(6) dismissal, a complaint need not contain
16 | detailed factual allegations; rather, it must plead 'enough facts
17 | to state a claim to relief that is plausible on its face.'"
18 | *Weber v. Dept. of Veterans Affairs*, 521 F.3d 1061 (9th Cir. 2008)
19 | (citing *Bell Atlantic v. Twombly*, 127 S. Ct 1955, 1974 (2007)
20 | (rejecting interpretation of Rule 8 that permits dismissal only
21 | when plaintiff can prove "no set of facts" in support of his
22 | claim).  A court is not "required to accept as true allegations
23 | that are merely conclusory, unwarranted deductions of fact, or
24 | unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266
25 | F.3d 979, 988 (9th Cir. 2001).[1]

26 |

27 |         [1]   Plaintiffs incorrectly assert that motions to dismiss
28 | should be granted only in "extraordinary cases," citing *Barker v.*
*United States*, 903 F. Supp. 31, 32 (S.D. Cal. 1995).  *Barker*

1    The defendant bears the initial burden of demonstrating that

2 the statute of limitations has run in 1983 cases.  *Cooey v.*

3 *Strickland,* 479 F.3d 412 (6th Cir. 2007).  If the complaint

4 pleads facts that show a suit is time-barred, dismissal may be

5 appropriate, unless the statute of limitations can be tolled.

6 *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

7 Plaintiff bears the burden of establishing the applicability of

8 tolling doctrines.  *Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th

9 Cir. 1993).

10

11                          IV.   DISCUSSION

12    A.   Motion to Dismiss.

13         1.   Statute of Limitations.

14    A two year statute of limitations applies to Plaintiffs'

15 section 1983 claims.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th

16 Cir. 2004 (applicable statute of limitations for § 1983 actions

17 is drawn from forums state's limitations period for personal

18 injury actions; in California, a two year limitations period was

19 made effective as of January 1, 2003).  The accrual date of a

20 section 1983 cause of action is a question of federal law.

21 *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007).  The standard rule

22 is that accrual occurs "when the plaintiff has a complete and

23 present cause of action, that is, when the plaintiff can file

24 suit and obtain relief."  *Id.* (internal citations and quotations

25

26 relied on Ninth Circuit cases applying the "no set of facts"
27 formulation, *e.g., Balistreri v. Pacifica Police Dept.*, 901 F.2d
   696, 699 (9th Cir. 1990), that was explicitly rejected by the
28 Supreme Court in *Twombly*, 127 S. Ct. at 1969-70.

1    omitted).

2        Defendants argue that to the extent Plaintiffs' First and

3    Second Causes of Action arise out of the February 23, 2006 search

4    of Plaintiffs' residence, the applicable accrual date was

5    February 23, 2006, the date of the search, more than two years

6    before the filing of the complaint on July 2, 2008.  (Doc. 13-2

7    at 5.)

8        The First Cause of Action contains a mixture of allegations:

9                      **FIRST CAUSE OF ACTION**
            **DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983**

10                               ***

11
12           24) Under 42 U.S.C. § 1983, a person who, acting under
             color of state law, deprives another person of his
13           federal constitutional rights is liable to the injured
             party.

14           25) The Fourteenth Amendment to the United States
             Constitution, enforceable pursuant to 42 U.S.C. § 1983,
15           provides that no state shall deprive any person of
             life, liberty, or property, without due process of law.
16
             26) The individual Defendants' conduct as alleged
17           herein violated Plaintiffs' rights to due process.

18           27) Defendants' conspired, each of them and amongst
             themselves, to write false complaints and to misinform
19           prosecutors of the basis for charges against Plaintiff
             Thomas.  In so doing, Defendants instituted criminal
20           proceedings against Plaintiff Thomas without a lawful
             basis, in violation of Thomas' due process rights.
21
             28) Defendants conspired, each of them and amongst
22           themselves, to create circumstances to construct allege
             criminal conduct in furtherance of its goal to
23           prosecute Thomas, all in violation of Thomas' due
             process rights and the CAFTB's own Franchise Tax Board
24           Collection Procedures Manual, wherein Defendant's [sic]
             did not provide Thomas with the required notices and/or
25           statements of tax deficiency, as alleged herein.

26           29) Defendants conspired, each of them and amongst
             themselves, to deny Thomas and Michelle their right to
27           counsel during their interrogation on February 23,
             2006, despite Plaintiffs' repeated requests for same.
28

                                  7

1
2
3

> 30) The rights of Plaintiffs that Defendants have
> violated are clearly established statutory or
> constitutional rights of which a reasonable person
> would have known.
>                       \*\*\*

4  (*Id*. at ¶¶ 24-30.)  The First Cause of Action does not allege

5  that an unlawful search took place, per se.  Rather, the only

6  allegation arising directly out of the search is that Defendants

7  denied Plaintiffs their right to counsel during the

8  "interrogation."  (*Id*. at ¶29.)

9        The Second Cause of Action, alleges, among other things that

10  FTB agents used excessive force when they searched Plaintiffs'

11  residence on February 23, 2006, by (a) storming the residence

12  with guns drawn without basis, (b) interrogated Plaintiffs for

13  hours, unlawfully restricting Plaintiffs' movement, and (c)

14  denied Plaintiffs the right to speak to an attorney.  (*Id*. at ¶¶

15  36.)

16        Two types of claims relate directly to the search:  (1) the

17  use of excessive force by FTB agents in executing the search

18  warrant; and (2) the agents' refusal to grant Plaintiffs access

19  to counsel during an interrogation.

20                a.   Inapplicability of *Heck v. Humphrey*.

21        As a threshold matter, these claims raise an issue not

22  addressed by either party.  Federal courts will not entertain

23  claims seeking money damages under section 1983 if doing so will

24  require the court to rule on issues in dispute in a state court

25  criminal proceeding.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

26  Under the Supreme Court's holding in *Heck*, a section 1983 action

27  "that would call into question the lawfulness of a plaintiff's

28  conviction or confinement is not cognizable, and does not,

1  therefore, accrue until and unless the plaintiff can prove that

2  his conviction or sentence has been reversed on direct appeal."

3  *Harvey v. Waldron*, 210 F.3d 1008, 1014-16 (9th Cir. 2000) (citing

4  *Heck*, 512 at 486-87).   The Ninth Circuit suggested in *Harvey* that

5  *Heck* rule applies to <u>pending</u> as well as outstanding convictions,

6  *id*. at 1014, but this application of *Heck* has been explicitly

7  overruled by the Supreme Court in *Wallace v. Kato*, 127 S. Ct.

8  1091, 1097-98 (2007), which held that *Heck* only bars 1983 claims

9  that would impugn criminal convictions that have actually been

10  obtained and are outstanding.[2]   Nevertheless, the *Wallace* court

11  noted that a district court may be empowered to stay the civil

12  action until the criminal proceedings have completed under other

13  doctrines, *id*. at 1098, an issue discussed elsewhere in this

14  decision.

15          .

16                 b.   <u>California Government Code § 945.3</u>.

17      Plaintiffs suggest that the statute of limitations for the

18  search-related claims should be tolled under section 945.3 of the

19  California Government Code, which prohibits the filing of a civil

20  ────────────────────────

21          [2]   If Kaschak had already been convicted, *Heck* would apply
   and might bar his claims for denial of access to counsel.
22  Although no published opinions addressing the applicability of
   *Heck* to claims of denial of access to counsel have been located,
23  the logic of *Heck* extends to such claims, because evidence
   obtained during an interrogation conducted in the absence of
24  requested counsel might impugn the integrity of the criminal
   investigation.   *See Batchelor v. Village of Evergreen Park*, 2004
25  WL 2057262, *4 (N.D. Ill. 2004).   In contrast, ordinarily, *Heck*
   would not bar a court from hearing a claim for excessive force
26  because such claims do not ordinarily impugn the underlying
27  conviction.   *Smithart v. Towery,* 79 F.3d 951, 952-53 (9th Cir.
28  1996).

                                    9

1  action for damages against a peace officer or the public entity

2  employing that peace officer while related criminal charges are

3  pending against the potential plaintiff:

> No person charged by indictment, information,
> complaint, or other accusatory pleading charging a
> criminal offense may bring a civil action for money or
> damages against a peace officer or the public entity
> employing a peace officer based upon conduct of the
> peace officer relating to the offense for which the
> accused is charged, including an act or omission in
> investigating or reporting the offense or arresting or
> detaining the accused, while the charges against the
> accused are pending before a superior court.

Cal. Gov. Code § 945.3.  The section also tolls the statute of

limitations for filing and prosecuting any such civil claim

"during the period that the charges are pending before a superior

court."  *Id.*

     The Ninth Circuit refused to allow section 945.3 to <u>bar</u> a

potential plaintiff from bringing a section 1983 claim against a

peace officer while criminal actions are pending, but held that

the section's tolling provision "still appl[ies] to toll the

limitations period while criminal actions are pending against the

potential plaintiff."  *Harding v. Galceran*, 889 F.2d 906, 907-08

(9th Cir. 1989).

     Section 945.3 does not apply to the claims brought by Rivas,

as she is not the subject of criminal charges pending before a

superior court.  Her claims are not tolled by § 945.3.

     Defendants do not respond directly to Plaintiffs' assertion

that California Government Code section 945.3 tolls Kaschak's

federal claims against any Defendants who are peace officers and

the agencies for whom they work.  Defendant Railsback, as special

agent of the FTB, is a peace officer under California law, Cal.

10

1   Penal Code § 830.37(s).  Pursuant to section 945.3's tolling

2   provision, the statute of limitations is tolled for Kaschak's

3   section 1983 claims against Railsback and the FTB while his

4   criminal case is pending before the superior court.

5       Defendants point out, however, that Plaintiffs fail to

6   allege a factual basis for tolling any claims against Defendant

7   Chiang, who is the California State Controller and Chairman of

8   the FTB, under section 945.3.[3]

9

10                  c.   Continuing Violation Theory.

11      Plaintiffs argue that the statute of limitations for the

12  search-related claims against Chiang should be tolled pursuant to

13  a "continuing violation" theory:

14              In the case at bar, such an extension is warranted
                where the surreptitious investigation from which the
15              search arose was ongoing for over 4 years without
                Plaintiffs' knowledge, and despite the fact that
16              Defendants conducted a search on February 23, 2006, the
                investigation did not conclude until Kaschak was
17              arrested on January 9, 2007.  Certainly, where the
                search was part and parcel to Defendants' investigation
18              and Defendants' investigation continued until January
                9, 2007 concluding with Kaschak's arrest, the search,
19              arrest and investigation are sufficiently (if not
                wholly) related to justify an extension of the
20              limitations period.  Further, Plaintiffs, despite their
                requests, were refused information from the Defendants
21              regarding the subject or nature of the February 23,
                2006 search until Kaschak's arrest on January 9, 2007.
22              For each of these reasons, this Court should extend the
                limitations period, if even if should be an issue.
23
    (Doc. 17 at 5.)  Essentially, Plaintiffs argue that because the
24

25  _____

26      [3]   Defendants also point out that the necessary
    implication of section 945.3 is that all of the state law claims
27  against Railsback and the FTB must be stayed.  Those claims must
    be dismissed on other grounds, so the entry of a stay is not
28  necessary.

1 | investigation was ongoing through January 9, 2007, the statute of
2 | limitations for claims arising out of any aspect of the
3 | investigation, including the search, should be tolled until at
4 | least January 9, 2007, when Plaintiffs became aware of the nature
5 | of the investigation.

6 |     The U.S. Supreme Court substantially limited the
7 | applicability of the continuing violation doctrine in *National*
8 | *Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), holding
9 | that "discrete ... acts are not actionable if time barred, even
10 | when they are related to acts alleged in timely filed charges."
11 | *Id.* at 122.  Instead "[e]ach discrete ... act starts a new clock
12 | for filing charges alleging that act."  *Id.*[4]  Although *Morgan*
13 | concerned a Title VII employment discrimination claim, the Ninth
14 | Circuit applies *Morgan's* discrete act rule to section 1983
15 | claims.  *See Carpinteria Valley Farms, Ltd. v. County of Santa*
16 | *Barbara*, 344 F.3d 822, 829 (9th Cir. 2003).

17 |     *Morgan* counsels against application of the continuing
18 | violation doctrine in this case, because the search (which gave
19 | rise to the excessive force and denial of counsel claims)
20 | constituted a discrete act.  Moreover, Plaintiffs were aware of
21 | the nature of the search and the fact that they were denied
22 | counsel on February 23, 2006.  This awareness did not depend on
23 | their knowledge of the underlying investigation nor upon the
24 | future arrest of Kaschak.  There is no series of acts that could

25 |

26 |     [4]    The *Morgan* Court created an exception for claims based
27 | on a hostile work environment, emphasizing that such claims, by
   | their very nature, involve repeated conduct.  *Id.* at 127.  But no
28 | such claim is alleged here.

1 possibly constitute a continuing violation.  Plaintiffs offer no

2 basis for applying the continuing violation theory to their

3 search-related claims.  As Plaintiffs offer no other basis for

4 tolling the statute of limitations for the search-related claims

5 against Chiang, these claim against him must be dismissed as

6 time-barred.

7

8                  **d.    Conclusion Re: Statute of Limitations**.

9         The *Heck* line of cases does not bar hearing Plaintiffs'

10 claims at this time, as the criminal charges are ongoing.

11         Neither section 945.3 nor the continuing violation theory

12 toll Rivas' search-related claims, which accrued on February 23,

13 2006, more than two years before the filing of the complaint on

14 July 7, 2008.  Rivas brings no other federal claims.

15         Section 945.3 tolls the statute of limitations as to the

16 search-related claims against Railsback and the FTB, but does not

17 apply to the search-related claims against Chiang, who is not a

18 peace officer.  The continuing violation doctrine does not apply

19 to the search-related claims against Chiang, which accrued on

20 February 23, 2006.

21         Defendants' motion to dismiss Plaintiffs claims arising out

22 of the February 23, 2006 search is GRANTED as to all of Rivas'

23 federal claims, and all of Kaschak's federal search-related

24 claims against Chiang, but is DENIED as to Kaschak's federal

25 search-related claims against Railsback and the FTB.

26

27

28

                                    13

1
2
          **2.   First Cause of Action for Violation of Fourteenth Amendment Rights**.

      The First Cause of Action contains a somewhat confusing

mixture of allegations, focusing on the Fourteenth Amendment

right to due process.  (Compl. at ¶¶ 24-30.)  Substantively, the

the First Cause of Action alleges:

> 27) Defendants' conspired, each of them and amongst themselves, to write false complaints and to misinform prosecutors of the basis for charges against Plaintiff Thomas.  In so doing, Defendants instituted criminal proceedings against Plaintiff Thomas without a lawful basis, in violation of Thomas' due process rights.

> 28) Defendants conspired, each of them and amongst themselves, to create circumstances to construct allege criminal conduct in furtherance of its goal to prosecute Thomas, all in violation of Thomas' due process rights and the CAFTB's own Franchise Tax Board Collection Procedures Manual, wherein Defendant's [sic] did not provide Thomas with the required notices and/or statements of tax deficiency, as alleged herein.

> 29) Defendants conspired, each of them and amongst themselves, to deny Thomas and Michelle their right to counsel during their interrogation on February 23, 2006, despite Plaintiffs' repeated requests for same.

(Emphasis added.)

      Defendants argue that the Due Process Clause of the

Fourteenth Amendment does not provide a substantive right to be

free from criminal prosecution except upon probable cause.

*Albright v. Oliver*, 510 U.S. 266 (1994).  In *Albright*, a college

student was arrested for selling what was thought to be cocaine,

but was actually baking soda.  *Id*. at 268.  The charges were

later dropped because selling baking soda did not constitute an

offense under state law.  *Id*.  The student sued the detective

whose testimony before the grand jury resulted in his arrest,

claiming that the detective violated his Fourteenth Amendment due

process rights.  *Id.* at 268-69.  The Supreme Court affirmed the

14

1 │ dismissal of the complaint, reasoning that it was the Fourth, not
2 │ the Fourteenth Amendment that provided a basis for Plaintiffs'
3 │ claim.  *Id*. at 271, 275.

4 │      The *Albright* Court specifically noted that plaintiff limited
5 │ his claim to denial of substantive due process under the
6 │ Fourteenth Amendment, and did not allege violations either of his
7 │ procedural due process or Fourth Amendment rights.  *Id*. at 271.
8 │ Because substantive due process rights have "for the most part
9 │ been accorded to matters relating to marriage, family,
10 │ procreation, and the right to bodily integrity," plaintiffs'
11 │ claim to be free from prosecution except on the basis of probable
12 │ cause did not fit within the substantive due process framework.
13 │ *Id*. at 271-72.  Although a number of the procedural protections
14 │ afforded by the Bill of Rights have been applied to the States by
15 │ way of the Fourteenth Amendment, "it is the Fourth Amendment, not
16 │ substantive due process" that protects plaintiff against pretrial
17 │ deprivations of liberty.  *Id*. at 273-74.  The Court expressed no
18 │ view as to whether plaintiffs situation would present a valid
19 │ Fourth Amendment claim because no such claim had been presented.

20 │      Plaintiffs' First Cause of Action presents a similar
21 │ situation.  It makes no mention of the Fourth Amendment.
22 │ Plaintiffs argue that because the claims arise from the allegedly
23 │ "unlawful search and arrest, conducted without probable cause,"
24 │ the motion to dismiss should be denied because Defendants are on
25 │ notice of the nature of Plaintiffs' claims.  Plaintiffs cite no
26 │ authority for this proposition, which conflicts *Albright*.

27 │      Defendants' motion to dismiss the First Cause of Action is
28 │ GRANTED WITH LEAVE TO AMEND.

                                  15

### 3.   Federal Claims Brought Against Chiang and Railsback in Their Official Capacities.

The Complaint names Defendants Chiang and Railsback in both their official and individual capacities.   The Eleventh Amendment bars claims against a state or state entity unless that immunity has been specifically abrogated by federal statute.   *See, e.g., United States v. Georgia*, 546 U.S. 151, 158-59 (Eleventh Amendment bar abrogated by Title II of the Americans with Disabilities Act).   A state is not a "person" against whom a claim for money damages may be asserted under section 1983.[5] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).   The same rule applies to state entities and state officials acting in their official capacities.   *See id.*[6]   Plaintiffs do not suggest

---

[5] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

[6]   "A state official [acting] in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."   *Will*, 491 U.S. at 71 n.10.   But, Plaintiffs seek damages, not injunctive

otherwise.  It is equally well established that in this Circuit, a claim against a public official in his official capacity is redundant when brought alongside a claim against the entity.  *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008).  Defendants' motion to dismiss the federal claims against Chiang and Railsback in their official capacities is GRANTED.

### 4.  Federal Claims Brought Against Chiang in his Individual Capacity.

Plaintiffs also name Chiang as a defendant in his individual capacity.  There is no respondeat superior liability under section 1983.  *Monnell v. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).  To state a cause of action against a defendant in his individual capacity, Plaintiffs must allege that the defendants knew of or participated in activities connected to the alleged § 1983 violations.  *Ortez v. Wash. County,* 88 F.3d 804, 809 (9th Cir. 1996).  A supervisor may be liable under section 1983 if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007)(citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Defendants argue that Plaintiffs claim should be dismissed because it "fails to allege any direct participation by Chiang in the allegedly wrongful acts, other than that FTB agents involved in the search were acting under his direction."  (Doc. 13-2 at

_____

relief here.

17

10.)  But, Plaintiffs correctly rejoin that an allegation that Chiang directed the agents' actions is sufficient.  Specifically, Plaintiffs allege that unconstitutional actions were taken by Railsback and other agents "at the direction of [FTB's] Chairman," Chiang.  (Compl. at ¶22.)  Defendants point to no authority suggesting that this is insufficient to meet the liberal pleading requirements of Federal Rule of Civil Procedure 8.  Defendants' motion to dismiss any remaining individual-capacity claims against Chiang is DENIED.

### 5.   Non-Compliance with the California Tort Claim Act's Claim Presentation Requirement.

The California Tort Claims Act ("CTCA"), Cal. Gov. Code §§ 900 *et seq.*, establishes conditions precedent to the filing of a lawsuit against a public entity, including the requirement that a plaintiff timely file a claim for damages with the public entity defendant.  § 911.2.  Failure to comply with this requirement bars a plaintiff from bringing suit against that entity.  § 945.4.  "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to demurrer" in state court, *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004), or dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) in federal court, *see, e.g., Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1069-70 (S.D. Cal. 2007).  Plaintiffs do not suggest otherwise, nor does their complaint allege facts

18

1
2
3

demonstrating or excusing compliance with the CTCA.[7]  Defendants'
motion to dismiss the state tort claims is GRANTED WITH LEAVE TO
AMEND.

4

    **B.**   <u>**Alternative Request for a Stay**</u>.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

    Defendant alternatively requests that any claims that
survive the motion to dismiss should be stayed until the criminal
case against Kaschak has been resolved, citing *Wallace*, 127 S.
Ct. at 1098, which, after holding that *Heck* did not automatically
require dismissal of potentially impugning 1983 claims while
criminal charges were pending, noted that other authorities
existed for staying such claims pending completion of pending
criminal proceedings.  *Wallace* cited footnote 8 of *Heck*, which
reasoned "if a state criminal defendant brings a federal
civil-rights lawsuit during the pendency of his criminal trial,
appeal, or state habeas action, abstention may be an appropriate
response to the parallel state-court proceedings," *citing
Colorado River Water Conservation District v. United States*, 424
U.S. 800 (1976).  *Wallace* also referenced, *Quackenbush v.
Allstate Ins. Co.*, 517 U.S. 706, 716-717 (1996), which held:

21
22

23
24
25
26
27
28

---

    [7]    Plaintiffs do cite the appellate court opinion,
*California v. Superior Court (Bodde)*, 105 Cal. App. 4th 1008
(2003), which was <u>overruled</u> by the supreme court, 32 Cal. 4th
1234.  Plaintiffs acknowledge that this decision is no longer
good law in a footnote, but nevertheless cited the appellate
decision, and argue "that such reversal was inappropriate so as
to preserve their right on appeal."  (Doc. 17 at 10 n.9.)  This
is improper, as the Supreme Court decision is the only citeable
case authority.

> We have [] held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding, *see Younger v. Harris*, 401 U.S. 37 (1971)...

(parallel citations omitted)

A district court should abstain under *Younger* when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816-17 (9th Cir. 2003) (applying test set forth in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Id*. The Ninth Circuit applies *Younger* abstention principles to claims for damages under section 1983. *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004).

Here, there are ongoing state judicial proceedings, and the enforcement of criminal laws has been deemed an important state interest, *see Younger*, 401 U.S. 37. Moreover, for some of Plaintiffs' claims, the state criminal proceeding will offer Plaintiffs an opportunity to raise their federal constitutional claims. For example, if evidence was gained through an unlawful search or through an interrogation where access to counsel was unlawfully denied, a state court may suppress the evidence. However, Kaschak's excessive force claims present a different question. They have no bearing on his state criminal proceeding. He has not been charged with resisting arrest or any related offense. *See Voychuk v. California*, 2006 WL 738796, *2 (E.D. Cal. 2006). *Younger* does not warrant a stay of those claims.

1   *See Scheuerman v. City of Huntsville*, 373 F. Supp. 2d 1251, 1257

2 (N.D. Al. 2005) (declining to stay under *Younger* a 1983 excessive

3 force claim brought against city and police officer who attempted

4 murder suspect while affecting arrest).

5     *Younger* supports the imposition of a stay of all but the

6 excessive force claims.

7

8

9                        **V.   CONCLUSION**

10     For the reasons set forth above,

11    (1) Defendants' Motion to Dismiss is

12       (a) GRANTED as to all of Rivas' federal claims on

13 statute of limitations grounds.

14       (b) GRANTED as to all of Kaschak's federal search-

15 related claims against Defendant Chiang on statute of limitations

16 grounds, but DENIED as to the federal search-related claims

17 against Railsback and the FTB.

18       (c) GRANTED as to the federal official-capacity claims

19 against Chiang and Railsback.

20       (d) DENIED as to the federal individual-capacity claims

21 against Chiang.

22       (e) GRANTED as to the state tort claims because

23 Plaintiffs failed to allege facts demonstrating or excusing

24 compliance with the CTCA claim presentation requirement.

25    (2) Defendants' alternative motion for a stay is GRANTED as

26 to all but the excessive force claims.

27 //

28 //

1    (3) Plaintiffs shall have 30 days from entry of this order

2  to file an amended complaint consistent with this decision.

3

4  SO ORDERED

5  DATED: December 23, 2008

6

7                                    /s/ Oliver W. Wanger
                                    Oliver W. Wanger
8                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22